FILED _____ ENTERE

MAR 1 5 2000

DISTRICT OF MARYLAND

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| R.A. SCARDELLETTI, et al. | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | Civil Action No. JFM-97-3464 |
| | ) | |
| ANTHONY SANTORO, SR., et al.. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FINAL ORDER

This matter having come before the Court on the motion of the

plaintiffs for approval of the settlement set forth in the Settlement Agreement

and Release ("Settlement Agreement"). and the responses of the Defendant

Class thereto, and the Court having considered all papers filed and

proceedings had herein and otherwise being fully informed and good cause

appearing therefor. it is

## ORDERED, ADJUDGED AND DECREED THAT:

1.    For purposes of settlement. the Defendant Class is defined to

consist of all active. terminated vested and retired participants in the

Transportation Communications International Union Staff Retirement Plan

("Plan") and their beneficiaries. except R.A. Scardelletti. Frank Ferlin. Jr., Joel

Parker. Don Bujold. Howard Randolph. Mitchell M. Kraus. Donald A. Bobo.

Exhibit 3



R.I. Kilroy, F.T. Lynch and Frank Mazur; and the Defendant Class is divided

into a Retiree Subclass made up of all members of the Defendant Class who

retired or terminated service under the Plan prior to January 1, 1999, and their

beneficiaries; and an Active Subclass, made up of all members of the

Defendant Class who had not retired or terminated service under the Plan prior

to January 1, 1999, and their beneficiaries.

2.     The requirements to certify a class under Rule 23(b)(1) of the

Federal Rules of Civil Procedure for purposes of settlement have been

satisfied and the Defendant Class is certified for settlement purposes under

Rule 23(b)(1) of the Federal Rules of Civil Procedure.

3.     The notice given to the Defendant Class concerning the

Settlement Agreement provided fair and reasonable notice to the Defendant

Class of the nature of this action, the proposed settlement, and the right to

appear and be heard concerning the proposed settlement and satisfied the

order of this Court concerning notice to the Defendant Class and the

requirements of Rule 23 of the Federal Rules of Civil Procedure.

4.     The Settlement Agreement is approved and is, in all respects,

fair, reasonable and adequate to the Defendant Class and all of its members in

accordance with Rule 23 of the Federal Rules of Civil Procedure and was

negotiated and entered into in good faith.

- 2 -

5.    The amendment to the Plan adopted October 13. 1990 providing

for an automatic cost of living adjustment effective January 1. 1991 is null and

void as of its adoption and of no force or effect and Article 5.5(a) of the Plan

document Restated to Reflect All Amendments Adopted Through March 3.

1999 is null and void and shall not be enforced.

6.    Without affecting the finality of this Order. the Court retains

jurisdiction over implementation and enforcement of the Settlement

Agreement.

7.    This action is dismissed with prejudice.


Dated: *March 15 2000*            _____

J. FREDERICK MOTZ
Chief Judge




MICROFILMED

MAR 1 5 2000