IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R.A. SCARDELLETTI, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-97-3464 |
| | * | |
| ANTHONY SANTORO, SR., ET AL. | * | |
| | ***** | |

MEMORANDUM

The Fourth Circuit has remanded this action for the sole purpose of having me set forth my reasons for issuing an injunction under the All Writs Act in accordance with Fed. R. Civ. P. 65.

The reason for my issuance of the injunction is that Robert Devlin has, by his pattern of conduct, demonstrated that unless he is enjoined, he will institute litigation in other districts to undermine the class action settlement this court has approved (a ruling that has now been affirmed by the Fourth Circuit).[1] This pattern is evidenced by other cases that Devlin filed both before and after the settlement agreement was approved while this action was pending. After I ordered recission of the 1991 COLA, Devlin filed two actions in the Southern District of New York, seeking a preliminary injunction to restore the COLA. The New York court denied the motion, finding that this court was the proper forum in which such a motion should be filed. The Second Circuit affirmed. Thereafter, Devlin sought to amend his complaint in the New York actions to reassert the same COLA claims previously raised and rejected. In the proposed amended complaint Devlin claimed that "the entire proceeding in Maryland" had been "tainted." The New York court denied the motion for leave to amend.

---

[1] Devlin has been joined in the litigation he has instituted by other members of the retiree subclass. I will refer to this group collectively as "Devlin."

After this court had granted preliminary approval to the settlement agreement, Devlin sought to intervene. I denied the motion to intervene as untimely but Devlin and his counsel did attend the fairness hearing. Devlin appealed my denial of his motion to intervene and my approval of the settlement agreement. My rulings were affirmed by the Fourth Circuit on appeal.

Notwithstanding my approval of the settlement agreement, while the approval was pending, Devlin instituted another action in the Southern District of New York alleging that the prosecution of the present suit by the Trustees was a breach of their fiduciary duties and that the settlement of this litigation was the product of collusion. Self-evidently, the institution of that action constituted an attack upon my approval of the settlement agreement and was an attempt to circumvent the jurisdiction not only of this court but also of the Fourth Circuit in which the appeal of my rulings was to be heard.

It was against the background of these lawsuits that on March 15, 2000, I entered an injunction requiring Devlin to dismiss the breach of fiduciary complaint in the Southern District of New York. Even then, Devlin did not comply with the injunction but instead moved for reconsideration of the Southern District's decision in the original New York actions denying leave to file an amended complaint. Only after I advised Devlin that his failure to comply with my injunction would subject him to contempt did he withdraw the breach of fiduciary complaint and his motion for reconsideration in the original actions.

"The All Writs Act empowers a federal court to enjoin parties before it from attempting to relitigate decided issues and to prevent collateral attack of its judgments." In re March, 988 F.2d 498, 500 (4th Cir. 1993); see also United States v. Cohen, 152 F.3d 321, 325 (4th Cir. 1998) ("where an injunction is proper in order to protect or effectuate the judgments of a federal court, it is within that court's power to issue the injunction under the All Writs Act."). Here, Devlin's

actions clearly were an attempt to relitigate issues I had decided and to collaterally attack my rulings, including my approval of the settlement agreement. Nothing short of an injunction (and, as it turned out, the threat of the imposition of contempt sanctions) deterred him from his conduct. Moreover, he has suffered no cognizable harm as the result of the issuance of the injunction since, as both the United States District Court for the Southern District of New York and the Second Circuit have recognized, this court is the only appropriate forum for him to challenge, directly or indirectly, the class action settlement agreement.

A separate order re-issuing the March 15, 2000 injunction is being entered herewith.[2]

Date: _November 20, 2001_   _____
J. Frederick Motz
United States District Judge

---

[2] The preliminary injunction I entered on March 15, 2000 required that Messrs. Devlin, Hagan, Hewson, Rinckwitz, and REPA were enjoined to dismiss their breach of fiduciary complaint in the Southern District of New York. In light of the fact that that action has now been dismissed, the accompanying preliminary injunction order deletes that clause.