UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| R.A. SCARDELLETTI, et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>ANTHONY SANTORO, SR., et al.<br><br>         Defendants. | Civil Action No. JFM-97-3464 |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and among the plaintiffs, the former Transportation Communications International Union (TCU) Staff Retirement Plan ("TCU Staff Plan") and its successor the International Association of Machinists and Aerospace Workers Pension Plan ("IAM Grand Lodge Plan") by and through its Trustees, referred to collectively herein as the "Plan," and the Subclass defined below (collectively, "the Settling Parties") in the action styled *Scardelletti v. Santoro*, Civil Action No. JFM-97-3464 (D. Md.) ("the Action").

WHEREAS, the Trustees of the TCU Staff Plan ("Trustees") brought this Action against a Subclass ("Active Subclass" or "Subclass" of those participants who had not retired or terminated service prior to January 1, 1999) and others[1] to obtain equitable relief

---

[1] There was a second subclass consisting of those participants who had ceased employment prior to January 1, 1999. This settlement is not applicable to that subclass.

to protect the Plan; and

WHEREAS, a class action Settlement ("the Prior Settlement") including the Settling Parties was approved by the Court after notice and a hearing; and

WHEREAS, the Trustees obtained a written commitment from the TCU Executive Council, contingent on approval of the Prior Settlement, to "refrain from adopting any benefit improvements under the Plan (except those required by law)" until the TCU Staff Plan was amended to provide for the Subclass the restoration of age 60 normal retirement (retroactive to the date of retirement) and a 10% COLA at the fifth anniversary of retirement; and

WHEREAS, the Prior Settlement is binding on the plaintiffs and their successors and assigns; and

WHEREAS, beginning in 2000, the TCU Staff Plan lost a significant portion of its value due to declines in the stock market, which placed both the TCU Staff Plan and the TCU in precarious financial circumstances; and

WHEREAS, in July 2005, the TCU entered into an affiliation agreement with the International Association of Machinists and Aerospace Workers, AFL-CIO ("the IAM") and in connection with that affiliation agreement, on September 12, 2005 (the Plan Merger Date) the Plan merged into the IAM Grand Lodge Plan which became the successor plan; and

WHEREAS, the Subclass representative, George Thomas DeBarr ("DeBarr"), upon

2

learning of the modifications to benefits that occurred with the merger of the TCU Staff Plan into the IAM Grand Lodge Plan, asserted that those benefits changes breached the Prior Settlement and requested that the Subclass counsel pursue the asserted breach; and

WHEREAS, the Settling Parties have in good faith disputed whether modifications to the TCU Staff Plan caused by that merger constitute "benefit improvements under the Plan" which might breach or implicate other terms of the Prior Settlement; and

WHEREAS, to resolve that dispute, the Parties through counsel have analyzed the demographic and actuarial data relevant to the dispute and negotiated in good faith; and

WHEREAS, under the supervision of United States Magistrate Judge Paul W. Grimm, and with the attendance of Subclass representative DeBarr and Subclass member John (Jack) Campbell the Parties continued their negotiations, and on December 18, 2007, reached an agreement to resolve this dispute without the risks of further litigation;

NOW THEREFORE, in consideration of the mutual promises and covenants set forth herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Plan and Mr. DeBarr, on behalf of the Subclass, hereby agree to the following terms:

1.   This Agreement is effective on the date that an order issued by the United States District Court for the District of Maryland ("Court") approving the Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Order") becomes final ("Final Order"). The Order is a Final Order when the time for filing an appeal with respect to the

Order has expired and no appeal has been filed or an appeal otherwise has been foreclosed or, if appealed, the Order is affirmed and all rights to further appeal or review by any person have been exhausted or foreclosed. On or prior to the Effective Date, TCU shall pay IAM a sum agreed upon between said organizations for funding these benefits.

2. The International Association of Machinists and Aerospace Workers (IAM) has adopted amendments to the merger agreement between the TCU Staff Plan and the IAM Grand Lodge Plan ("Amendments"), contingent on the issuance of a Final Order. Under the Amendments, a copy of which is attached hereto and incorporated herein as Exhibit 1:

    a) Members of the Subclass who retired prior to the Plan Merger Date and did not suffer an early retirement penalty under the Plan will receive a COLA equal to 10% of the member's monthly retirement benefit effective on the fifth anniversary of the member's retirement;

    b) Members of the Subclass who are retired prior to the Plan Merger Date and who did suffer an early retirement penalty under the Plan will receive (i) restoration of age 60 normal retirement benefits effective January 1, 2008; and (ii) a COLA equal to 7.5% of the member's monthly retirement benefit (after the adjustment in (i)) effective the later of January 1, 2008 or the fifth anniversary of the member's retirement;

    c) Members of the Subclass who terminated their employment relationship from TCU prior to the Plan Merger Date, at a time when they were vested

in the Plan, and who did not retire prior to the Plan Merger Date will receive a COLA equal to 10% of the member's monthly retirement benefit effective on the fifth anniversary of the date the member begins collecting benefits under the Plan, but their normal retirement benefits remain at age 62.

d) Members of the Subclass who were employed by TCU on the Plan Merger Date will receive a cost of living adjustment ("COLA") equal to 10% of the member's monthly retirement benefit effective on the fifth anniversary of the member's retirement;

3. It is understood that the Amendments will be considered a part of the Plan Document of the IAM Grand Lodge Plan in accordance with Section 12.7 of that Plan Document.

4. The benefit improvements described in the preceding paragraph 2 and set forth in the Amendments and the IAM Grand Lodge Plan document will be treated as "accrued benefits" under the IAM Grand Lodge Plan and the Settling Parties stipulate that they will be treated as accrued benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Internal Revenue Code ("Code"). The benefits improvements described in the preceding paragraph 2 will not be subject to reduction, elimination or cut back in any manner and the Trustees of the IAM Grand Lodge Plan and any successor Trustees will refuse to enforce any amendment to the IAM Grand Lodge

Plan which attempts to reduce, eliminate or cut back any of the benefits described in paragraph 2. Otherwise, it is understood that only the terms of the Amendments, the Plan merger agreement, and the IAM Grand Lodge Plan shall govern the benefit entitlements of the individual members of the Subclass, and this Agreement shall not be construed to create any additional rights or entitlements to the individual Subclass members.

5.   In accordance with the Prior Settlement, TCU shall pay the reasonable attorneys' fees and costs of the Subclass incurred in this Action.

6.   Effective on the date the Order becomes a Final Order, for and in consideration of the undertakings described in this Agreement, the members of the Subclass (collectively, the "Releasing Parties") irrevocably and unconditionally release the Plan, their Trustees, any former Trustees, any other current or past fiduciary of the Plan, the TCU, and the IAM Grand Lodge, their subordinate bodies, and all of their officers, agents, representatives, heirs, administrators, executors, directors, employees, attorneys, successors, and assigns (collectively, the "Released Parties"), from any and all demands, causes of action, fees, and liabilities of any kind whatsoever in law, by statute, or in equity, whether known or hereafter discovered, and whether now or hereafter fully, partially, or not disclosed to the Releasing Parties, which the Releasing Parties ever had, now have, or hereafter can, shall, or may have against the Released Parties concerning the Prior Settlement, excepting only the obligations undertaken in this Agreement, the Amendments or the terms of the IAM Grand Lodge Plan ("Released Claims").

7. The Releasing Parties acknowledge that they may hereafter discover claims relating to the Prior Settlement that are presently unknown or unsuspected or facts in addition to or different from those now known about the Prior Settlement. Nevertheless, the Releasing Parties by this Agreement release fully, finally, and forever all matters released herein.

8. The Releasing Parties and any person acting on behalf of one or more Releasing Parties shall not file any lawsuit or other action asserting a Released Claim nor benefit from any lawsuit or other action asserting a Released Claim.

9. Upon issuance of the Order, this Agreement shall bind each member of the Subclass as a class in a class action maintained under Rule 23(b)(1) of the Federal Rules of Civil Procedure.

10. The IAM Grand Lodge Plan by and through its Trustees consents to the jurisdiction of the Court and waives all defenses based on insufficient process, insufficient service of process, or any other defense relating to the jurisdiction of the Court. It is understood, however, that this consent to jurisdiction shall not apply to any claims by individual Subclass members challenging individual benefit determinations made the IAM Grand Lodge Plan and its Trustees.

11. The Plan shall promptly file a motion with the Court setting forth the substantive terms of this Agreement and seeking the Court's preliminary approval of the Agreement, accompanied by a proposed Notice of Settlement in a form mutually agreed upon

by the Settling Parties. Upon preliminary approval of the agreement, the Settling Parties shall seek a date for a fairness hearing that allows at least 30 days notice to the members of the Active Subclass to consider the settlement. Within 15 days after the Court's preliminary approval, the Plan shall cause the proposed Notice of Settlement, in the final form approved by the Court, to be mailed to each member of the Subclass. The Notice of Settlement shall identify the date of the fairness hearing and describe the rights of the members of the Subclass to object to the terms of the Agreement.

12. Any issues arising under the agreement and any proceeding to enforce any term of the Agreement shall be subject to the exclusive jurisdiction of the Court, and the Settling Parties stipulate and consent to venue for any such proceedings in the United States District Court for the District of Maryland.

13. If this Agreement is not approved by the Court or if a Final Order is not issued, the Agreement shall be null and void and without prejudice to the rights of any Party and shall not be used in any subsequent proceeding in any court.

14. If any provision of this Agreement is held to be illegal, void, or unenforceable by a court of competent jurisdiction, the provision shall have no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

15. Should any provision of this Agreement require interpretation or construction, it is agreed that the court (or other tribunal) interpreting or construing this Agreement shall

not apply a presumption against one Party by reason that a document is to be construed more strictly against the Party who prepared the document, it being agreed that all Parties have participated in the preparation of all provisions of this Agreement. It is understood that all questions of interpretation and application of the Amendments and IAM Grand Lodge Plan Document shall be resolved by the Trustees of the IAM Grand Lodge Plan in their discretion.

16. This Agreement shall be governed by and construed and enforced in accordance with federal law and, to the extent not preempted, the laws of the State of Maryland without regard to choice of law provisions.

17. This Agreement constitutes the entire agreement of the Settling Parties concerning its subject matter, is intended to supersede all prior negotiations, understandings, and agreements, and there are no other written or oral agreements, understandings, representations, or obligations which, as of the date of the Final Order, shall have any further force or effect.

18. This Agreement shall not be changed, modified, or cancelled except by written agreement signed by all Settling Parties.

19. This Agreement is binding upon, and shall inure to the benefit of the Settling Parties and their respective heirs, executors, administrators, successors and assigns. If the IAM Grand Lodge Plan is ever merged into another retirement plan or if the participants in the IAM Grand Lodge Plan who are members of the Subclass are ever spun off or

transferred to another retirement plan, the Trustees of the IAM Grand Lodge Plan will not agree to any provision in such a merger, transfer, or spin off that does not preserve the benefits set forth in the Amendments.

20. This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Respectfully submitted,

_____
Jeffrey A. Bartos
Guerrieri, Edmond, Clayman & Bartos, P.C.
1625 Massachusetts Avenue, NW; Suite 700
Washington, DC 20036-2243
(202) 624-7400
Counsel for TCU Staff Retirement Plan

_____
John L. Bohman
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, NW
Washington, DC 20016
(202) 362-0041
Counsel for IAM Grand Lodge Plan, as
successor to the TCU Staff Retirement Plan, and
its Trustees

_____
Kenneth M. Johnson
Tuggle, Duggins & Meschan, P.A.
228 West Market Street; PO Box 2888
Greensboro, NC 27402
(336) 271-5264
Counsel for Defendant Subclass

# Exhibit 1 to
# Settlement Agreement and Release

## AMENDMENT TO AGREEMENT AND PLAN OF MERGER

WHEREAS, the International Association of Machinists and Aerospace Workers (IAM) and the Transportation Communications International Union (TCU) have entered into an Agreement and Plan of Merger under which the Transportation Communications International Union Staff Retirement Plan (TCU Staff Plan) has been merged into the International Association of Machinists and Aerospace Workers Pension Plan (Grand Lodge Plan); and

WHERAS, following the merger of the Plans, a dispute arose over the effect of the merger on a subclass of individuals ("Subclass") under a settlement of the action styled Scardelletti v. Santoro, Civil Action No. JFM-97-3464 (D. Md.)("the Action");

WHEREAS, the Subclass consisted of those TCU Staff Plan participants who had not retired or terminated service prior to January 1, 1999;

WHEREAS, the parties to the Action have settled the dispute in a manner that will provide additional benefits to members of the Subclass; and

WHERAS, under the settlement, the Agreement and Plan of Merger is to be amended, but such amendment will not be effective unless and until a final order is issued by the Court approving the settlement;

NOW THEREFORE, the IAM and the TCU agree to amend the Agreement and Plan of Merger to provide the following additional benefits to be paid by the Grand Lodge Plan:

1. The Grand Lodge Plan Participants listed in Appendix A, which is incorporated by reference, will receive a 10% increase in their monthly pension amounts effective as of the fifth anniversary of their annuity starting date as indicated in Appendix A. Such increase shall include the appropriate retroactive payment for those whose have already experienced the fifth anniversary of their annuity starting date at the time the first increased monthly payment is made.

2. The Grand Lodge Participants listed in Appendix B, which is incorporated by reference, will as indicated therein:

   a) Have their monthly pension amounts recalculated using age 60 as the age from which early retirement reductions are made and using the early retirement reduction factors in the TCU Plan. Payment of the amounts so adjusted will be effective January 1, 2008 which shall include a retroactive payment for the period January 1, 2008 until the date the first such recalculated monthly payment is paid; and

   b) After the adjustment in paragraph 2(a), receive a 7.5% increase in their monthly pension amounts effective the later of January 1, 2008 or the fifth anniversary of their annuity starting date. If the 7.5% increase is effective prior to date when the

first increased monthly payment is made, such increase shall include the appropriate retroactive payment.

3. The deferred vested Grand Lodge Plan Participants listed in Appendix C, which is incorporated by reference, will receive a 10% increase in their monthly pension amount starting as of the fifth anniversary of their annuity starting date.

4. The actively employed Grand Lodge Plan Participants listed in Appendix D, which is incorporated by reference, will receive a cost of living adjustment of 10% of their monthly pension amount starting as of the fifth anniversary of their annuity starting date.

5. If at the point an adjustment is made hereunder the monthly benefit is being paid to a survivor, the same percentage adjustments will be made to the monthly amount being paid to the survivor.

6. The foregoing recitals are made a part of this Amendment. It is understood that this Amendment is incorporated in the terms of the Grand Lodge Plan in accordance with Section 12.7 of the Plan.

| TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION (a/k/a TCU/IAM) | INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS |
|---|---|
| By:_____<br>Robert A. Scardelletti<br>TCU International President | By:_____<br>R. Thomas Buffenbarger<br>IAM International President |
| By:_____<br>Daniel L. Biggs<br>TCU International Secretary-Treasurer | By:_____<br>Warren L. Mart<br>IAM General Secretary Treasurer |

**APPENDIX A.**

SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH NO AGE REDUCTION: 10% COLA ON FIFTH ANNIVERSARY OF ANNUITY STARTING DATE

| ANNUITY STARTING DATE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 1/1/04 | BOSHER | LESLIE | E |
| 1/1/01 | BRADARICH | PETE | F |
| 1/1/02 | BRITTON | J | |
| 9/1/99 | CAMPBELL | JOHN | C |
| 9/1/99 | CONTRERAS | NICK | |
| 11/1/01 | COOK | OLVIER | W |
| 1/1/02 | CUNNIFF | MICHAEL | M |
| 5/1/05 | DAVIS | MICHAEL | |
| 1/1/00 | GOBEL | J | L |
| 9/1/04 | GRAY | GERALD | |
| 1/1/05 | GRILLO | STELLA | |
| 3/1/99 | HAYNES-FINCH | CAROL | L |
| 1/1/04 | PATTEN | JUDITH | C |
| 6/1/05* | ROWE | GEORGE | A |
| 6/1/02 | SHIELDS | LARRY | B |
| 1/1/00 | STEPP | JUDITH | |
| 8/1/99 | WOODARD | VANETTA | F |
| 2/1/02 | BRISCOE | CHERYL | T |
| 1/1/02 | CUMBERLAND | TERRY | L |
| 8/16/03 | DEVER | ROY | |
| 12/16/03 | DONLON | GREGORY | A |
| 4/1/99 | FUHR | PATTI | A |
| 2/1/02 | GERRAIN | FREDERICK | |
| 7/15/04 | LEWIN | HENRY | B |
| 3/1/02 | LYNCH | GERARD | L |
| 1/1/02 | MATKOWSKI | RAYMOND | |
| 3/9/00 | MARTINDALE | ESTELLE | E |
| 9/9/00 | NEWBERRY | SANDRA | L |
| 8/14/04 | PEMBROKE | SUE | C |
| 1/1/02 | PHILLIPS | CLAIRE | |
| 9/1/02 | TEITRICK | KATHY | J |
| 1/15/00 | WADE | KATHRYN | P |
| 1/1/02 | WEBB | BESSIE | M |
| 5/1/03 | YOUNG | TRACEY | H |

**SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH NO AGE REDUCTION**  | 34 |

* PRIOR TO PLAN MERGER DATE

...

**APPENDIX B.**

SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH AGE REDUCTION: RESTORE MONTHLY BENEFIT TO NORMAL RETIREMENT AGE 60 ON JAN 1, 2008 AND RECEIVE 7.5% COLA ON FIFTH ANNIVERSAY OF ANNUITY STARTING DATE OR ON JANUARY 1, 2008, WHICHEVER IS LATER.

| ANNUITY STARTING DATE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 4/1/04 | BROCKETT | CARL | H |
| 9/1/05* | BROWNING | W | K |
| 8/1/04 | CARTER | KENNETH | L |
| 3/1/02 | COLE | ZANE | K |
| 7/1/00 | COTA | RICHARD | |
| 9/16/99 | CURRY | DIANE | |
| 1/1/03 | D ALESSANDRO | A | A |
| 8/1/03 | DE BARR | GEORGE | T |
| 6/1/00 | DIXON | VIRGINIA | P |
| 5/1/02 | DOBERSTEIN | E | L |
| 7/1/03 | DOLAN | DONALD | D |
| 4/1/03 | FAUSS | MICHAEL | R |
| 1/1/04 | FORD JR | ALVIN | C |
| 12/1/04 | FORREST | RICHARD | J |
| 4/1/05 | GARRETT | SUSAN | H |
| 4/1/03 | GOFFREDO | VICTOR | P |
| 8/1/05 | GONZALEZ | HUMBERTO | M |
| 6/1/04 | GORNICK | CAROLYN | D |
| 6/1/02 | GRAY | BONNIE | Y |
| 9/1/02 | JEFFORDS | W | L |
| 7/1/04 | JONES | LAWRENCE | D |
| 9/1/04 | KACHMAN | SHARON | |
| 6/1/04 | KARL | JOANNE | |
| 5/1/05 | LOFTIN | GILBERT | |
| 9/1/05 | LUCAS | TERRY | |
| 10/9/99 | MALDONADO | GEORGE | R |
| 7/1/03 | MUNZEN | DIANNE | |
| 7/1/05 | NORTON | BARBARA | A |
| 7/17/99 | PIGNONE | GRETA | D |
| 12/1/03 | SANTORO JR | ANTHONY | P |
| 4/1/01 | SCROGGINS | MARVIN | L |
| 3/1/03 | SIZEMORE | BILL | B |
| 10/9/99 | SPANGLER | SHARON | C |
| 9/1/03 | STEEVES | STANLEY | R |
| 4/1/04 | STROMSTA | ERIC | R |
| 1/1/05 | SUTTON | LAWRENCE | A |
| 3/16/99 | VAN HOOK | CARL | T |
| 8/27/99 | KNOLES** | RICHARD | L |

**SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH AGE REDUCTION**

38

\* PRIOR TO PLAN MERGER DATE

\*\* KNOLES DIED AT AGE 59 IN ACTIVE SERVICE PRIOR TO PLAN MERGER DATE, BENEFICIARIES TO RECEIVE 12% AGE INCREASE AND 7.5% COLA ON JAN 1, 2008

**APPENDIX C.**

SUB-CLASS MEMBERS TERMINATED VESTED PRIOR TO PLAN MERGER DATE AND DID NOT BEGIN MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE: 10% COLA ON FIFTH ANNIVERSARY OF ANNUITY STARTING DATE

| LAST YR. ACTIVE SERVICE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 2000 | BOSHER | PAMELA | L |
| 2004 | D'AMICO | ANNA | |
| 2001 | DENT | MEGAN | J |
| 2002 | EVANS | NANCY | A |
| 1999 | GILDERMAN | K | D |
| 2004 | HODGINS | M. PATRICIA | |
| 2004 | HORVATH | DAWN | M |
| 2000 | HURLEY | LAMESHA | A |
| 2002 | JOHNSON | ANGELA | J |
| 2005* | NGUYEN | Q | T |
| 2004 | TULLY | CHRISTOPHER | J |
| 2002 | MC CALLA | KATHYRN | E |
| 2000 | FINN | THOMAS | J |
| 1999 | PARRY | JAMES | J |
| 2001 | TRITTEL | PHILLIP | T |
| 1999** | BUJOLD | DONALD | J |
| 1999** | DANIHER | HERBERT | |
| 1999** | DEVEAU | DENNIS | J |
| 1999** | DUNSTER | DENNIS | |
| 1999** | LA PORTE | FRANCINE | |
| 1999** | PAGE | RICHARD | |
| 1999** | PREBINSKI | MAUREEN | |

**SUB-CLASS MEMBERS TERMINATED VESTED AND DID NOT BEGIN MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE**    22

\* LAST SERVICE DATE PRIOR TO PLAN MERGER DATE

\*\* CANADIAN PLAN PARTICIPANT (not part of original Subclass, but actively employed on January 1, 1999)

## APPENDIX D.

SUB-CLASS MEMBERS* ACTIVELY EMPLOYED ON PLAN MERGER DATE: 10% COLA ON FIFTH ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| ABDULLAH | RASHEED | M |
| AHEARN | DEBRA | |
| AHEARN | PETER | A |
| ANDERSON | KAREN | K |
| ARNDT | RICHARD | A |
| BAUMAN | LEONARD | C |
| BEELER | DONALD | E |
| BERLOWITZ | S | A |
| BERNARD | MARY | L |
| BIGGS | DANIEL | L |
| BLAKLEY | KRIS | K |
| BOSHER-PERRAN | JHIL | |
| BOWER | RANDY | D |
| BRANDO | STEPHAN | |
| BURNETT | DARYL | T |
| CALAVELETINOS | ANA CECILIA | |
| CAMPBELL | GARY | |
| CHAPMAN | MARY | D |
| COLSTON | TOMMIE | |
| CONBOY | ELLEN | M |
| CONDO | JOSEPH | P |
| CONLEY | CYNTHIA | A |
| CONROY | ROBERT | A |
| CRAWFORD | DIANA | L |
| DAVIS | JESSICA | M |
| DAVIS | ROBERT | F |
| DERDERIAN, JR | OSCAR | |
| DETTMANN | DIANE | J |
| DINSDALE | JOHN | O |
| DUNTON | SUSAN | B |
| EVANS | HELEN | |
| FINAN JR | WILLIAM | T |
| FISHBURN | PAUL | E |
| GILBERT | CHARLES | L |
| GILBERTSON | KELLY | J |
| GREENIDGE | ARLENE | C |
| GRILLO | PATRICIA | A |
| HORRELL | DEBRA | J |
| HUSTER | THOMAS | J |
| HYLLA | RONALD | J |
| JOHNSON | DENISE | B |

1

## APPENDIX D.

SUB-CLASS MEMBERS* ACTIVELY EMPLOYED ON PLAN MERGER DATE: 10% COLA ON FIFTH ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| JOHNSON | RICHARD | A |
| JONES | SANDRA | C |
| KEENAN | SANDRA | |
| KELSEY | PAULA | M |
| KENNEDY | LINDA | |
| KLOOS | RONALD | M |
| KOLLEWE | DAVID | B |
| KRAUS | MITCHELL | |
| KUBASIEWICZ | DARWIN | B |
| LINDSAY | JOSEPH | M |
| LOCKEY | LINDA | J |
| LYDON | HELEN | D |
| MAI | ROBBIE | L |
| MAI | RODNEY | W |
| MAXIM | SANDRA | J |
| MAY | SANDRA | L |
| METHER | STEVEN | W |
| MILLER | W | R |
| MONIER | FRANCES | D |
| MULLENS | NORMA | J |
| MYERS | DORIS | |
| NAPIER | MARVIN | W |
| NOVAKOVIC | ALEXANDER | M |
| O' MALLEY | DENNIS | J |
| OATHOUT | RUSSELL | C |
| PADILLA | ANTHONY | G |
| PARKER | JOEL | M |
| PONIGAR, SR | JAMES | A |
| POSEY | NANCY | L |
| QUILTY | JAMES | L |
| RABENORT | RONALD | L |
| RANDOLPH JR | HOWARD | W |
| REESE | MICHELE | L |
| RICE | ALLYSON | M |
| ROBINSON | BRENDA | |
| RUBECK | JOHN | I |
| SARMIENTO | ERIKA | |
| SCARDELLETTI | ROBERT | A |
| SCHAFER JR | R | K |
| SHELLEY | MARGIE | H |
| SHORT | CHRISTINE | T |

ACTIVE ON MERGER DATE

2

## APPENDIX D.

### SUB-CLASS MEMBERS* ACTIVELY EMPLOYED ON PLAN MERGER DATE: 10% COLA ON FIFTH ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| SIRIANO | S | |
| SMITH | TERESA | A |
| STAFFORD | TED | P |
| STEELE | DAVID | L |
| STEWART | CHARLES | N |
| STEYER | MARIANNE | G |
| STRAIN JR | ALTON | C |
| SWANSON | LARRY | D |
| DAVIS (TAYLOR) | LUANN | |
| TURLEY | ELIZABETH | A |
| VAN CLEAVE | JO | L |
| WALLER | JAMES | V |
| WALLER | LINDA | C |
| WATSON | STEPHEN | F |
| WELLS | TERESA | M |
| WHITACRE | BRIAN | P |
| WRIGHT | J | H |
| WRIGHTSON | BARBARA | J |
| STARKS (ZINGA) | DOROTHY | |

SUB-CLASS MEMBERS ACTIVELY EMPLOYED ON PLAN MERGER DATE         **101**

*Included in this listing are the TCU employees who were excluded from the original Sub Class because they were Trustees of the TCU Staff Plan or the TCU legal counsel

ACTIVE ON MERGER DATE

3