# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| R. A. SCARDELLETTI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. JFM-97-3464 |
| ) | |
| ANTHONY SANTORO, SR., et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION AND
## SETTLEMENT HEARING

TO: ALL PARTICIPANTS IN THE FORMER TRANSPORTATION COMMUNICATIONS INTERNATIONAL UNION (TCU) STAFF RETIREMENT PLAN WHO WERE IN ACTIVE SERVICE ON JANUARY 1, 1999

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS MAY BE AFFECTED BY THIS CLASS ACTION LITIGATION. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THIS ACTION AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS. IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ENTITLED TO RECEIVE AN INCREASE IN PENSION BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT.

THIS NOTICE IS TO INFORM YOU OF:

1. THE PROPOSED SETTLEMENT OF CLAIMS INVOLVING RESTORING AN EARLY RETIREMENT PENALTY FOR CERTAIN CLASS MEMBERS RETIRING BETWEEN JANUARY 1, 1999, AND SEPTEMBER 12, 2005; AND CLAIMS FOR A 10% COLA FIVE YEARS AFTER RETIREMENT.

2.  A HEARING TO BE HELD ON _____ AT _____ IN COURTROOM 5A OF THE UNITED STATES COURTHOUSE, 101 W. LOMBARD STREET, BALTIMORE, MARYLAND 21201 TO DETERMINE WHETHER THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT, AND WHETHER AN ORDER SHOULD BE ENTERED APPROVING THE SETTLEMENT AND GRANTING THE EQUITABLE RELIEF REQUESTED BY THE PLAINTIFFS IN ACCORDANCE WITH THE SETTLEMENT; AND

3.  YOUR RIGHT, IF YOU ARE A MEMBER OF THE CLASS, TO PRESENT YOUR VIEWS TO THE COURT.

## I. Description Of The Action.

This class action is related to other litigation and it has a long history which is summarized below:

In 1995, the Trustees of the Transportation Communications International Union (TCU) Staff Retirement Plan ("Plan") brought a lawsuit against the former trustees of the Plan for breach of fiduciary duty under sections 502(a)(2) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3). The Trustees alleged in the lawsuit that the former trustees had imprudently recommended an amendment to the Plan, effective January 1, 1991, to provide a cost of living adjustment (the "1991 COLA") that automatically increased every retired Plan participant's benefit by up to 10% for each three-year period following the participant's retirement.

By order dated September 8, 1997, the Court granted in part the Trustees' motion for summary judgment, concluding that the former trustees had breached their fiduciary duty. *Scardelletti v. Bobo*, 897 F.Supp. 913 (D. Md. 1995). The Transportation Communications

International Union ("TCU"), the Plan's sponsoring employer, responded to the Court's September 8 order by adopting an amendment, effective November 1, 1997 (the "1997 Amendment"), repealing the 1991 COLA for all participants who retired or separated from service before January 1, 1991.

On October 14, 1997, the Trustees filed this lawsuit as a defendant class action seeking a declaratory judgment that the 1997 Amendment was a lawful amendment and an order declaring the 1991 COLA void from its inception because it was the product of a fiduciary breach.

By order dated February 9, 1999, this Court conditionally certified a class consisting of "all active, terminated vested, and retired participants and their beneficiaries in the Staff Plan." By order dated September 14, 1999, this Court modified its February 9, 1999 Order, dividing the class into two subclasses: (1) all class members who retired or terminated service prior to January 1, 1999 (retiree subclass);[1] and (2) all class members who had not retired or terminated service prior to January 1, 1999 (active subclass). The representative of the active subclass is George Thomas De Barr.

By decision on November 12, 1999, this Court approved a settlement reached with the mediatory assistance of Magistrate Judge Grimm. That settlement provided certain benefit improvements for the retiree subclass. For the active subclass, the accrual rate under the Plan's benefit formula was restored to 2% from 1% to which it had been reduced on

---

[1] The current dispute does not involve the retiree subclass.

January 1, 1995. In addition, the active subclass received a commitment that the sponsor of the Staff Plan would "refrain from adopting any benefit improvements" until the Plan was modified to restore retroactively the normal retirement age to age 60 from age 62 to which it had been increased, and a 10% COLA beginning on the fifth anniversary of the member's retirement. This settlement was ultimately approved by the Fourth Circuit Court of Appeals, after remand from the U.S. Supreme Court. *Devlin v. Scardelletti*, 536 U.S. 1 (2002), *on remand, Scardelletti v. De Barr*, 43 Fed. Appx. 525 (4th Cir. 2002).

**II.     The Current Dispute**.

   A.     <u>Background</u>.

Unfortunately, as a result of the precipitous decline in the stock market, Plan assets between 2000 and 2002 declined by over 30%. The effect was to create a financial crisis for the Plan and its sponsor, TCU. In August 2005 TCU merged with the International Association of Machinists and Aerospace Workers ( IAM). As a result of the merger between these two labor organizations, the TCU Staff Plan merged into the IAM Grand Lodge Plan, effective September 12, 2005 (Plan Merger Date).

At the time of the Plan merger, the TCU Staff Plan was funded at approximately 64% of accrued benefits, and the larger International Association of Machinists and Aerospace Workers Pension Plan ("IAM Grand Lodge Plan") was funded at over 100% of accrued benefits. After the merger, the merged IAM Grand Lodge Plan remained fully funded at over 100%.

After the merger of the plans, TCU employees began accruing benefits under the terms of the IAM Grand Lodge Plan. Benefits were both increased and reduced from what they had been under the TCU Staff Plan. Normal retirement age was reduced from age 62 to age 60, for those in active status at the time of the merger. However, the cap on the number of years a participant could accrue service credits was reduced from 35 to 25 years. The TCU Staff Plan actuary concluded that the present value of the benefit improvements was less than the present value of the benefit reductions. Simply stated, the net result of these changes was a reduction in the actuarially determined value of the benefits.

B.  The Dispute.

The active subclass – which encompasses those in active service on January 1, 1999 – has asserted that the increase in benefits resulting from the merger with the IAM Plan should trigger the requirement in the approved settlement agreement that additional benefits be granted. Specifically, between January 1, 1999, and the Plan Merger Date, some members of the subclass retired prior to reaching age 62, which was the normal retirement age under the Staff Plan at the time. These individuals incurred an early retirement penalty of .5% per month for each month they retired prior to reaching age 62. The active subclass now urges that these members' pensions should be recalculated, retroactively to their date of retirement, on the basis that normal retirement age was 60 at that time. Stated differently, the subclass seeks to have pensions that were subject to an early retirement penalty recalculated, retroactively, with a normal retirement age of 60, not 62.

In addition, the active subclass seeks a 10% COLA five years after the date of retirement for those members who retired with an early retirement penalty between January 1, 1999, and the Plan Merger Date. This would apply to subclass members who retired during this period without an early retirement penalty, as well as to those subclass members who remain in active status.

The Plaintiffs have argued that the Plan is not responsible for these benefit improvements because, actuarially, the value of the benefits was not increased, but reduced as a result of the merger. The subclass, in turn, has maintained that the actuarial value of these changes is irrelevant. In their view, the approved settlement provides that benefit improvements described above are owed when "any" benefit improvements are provided, regardless of whether these improvements are combined with benefit reductions.

### III. The Proposed Settlement.

After spending approximately a year-and-a-half exchanging settlement proposals, actuarial and demographic information, the parties requested the Court to appoint Magistrate Judge Grimm to mediate this dispute. With Judge Grimm's assistance, the parties reached the following settlement:

1. Members of the subclass who retired prior to the Plan Merger Date without an early retirement penalty shall receive a COLA equal to 10% of the member's monthly annuity on the fifth anniversary of the member's retirement;

2. Members of the subclass who retired prior to the Plan Merger Date with an early retirement penalty shall (i) have their monthly annuity recalculated effective January 1, 2008, using age 60 as the normal retirement age; and (ii) receive a COLA equal to 7.5% of their monthly

       annuity as recalculated starting the later of: January 1, 2008, or the fifth anniversary of the member's retirement;

3. Members of the subclass in active status on the Plan Merger Date shall receive a cost of living adjustment equal to 10% of the member's monthly annuity on the fifth anniversary of the member's retirement; and

4. Members of the subclass who terminated their employment relationship with TCU prior to the Plan Merger Date, at a time when they were vested in the TCU Staff Plan, who did not retire prior to the Plan Merger Date, shall receive a 10% COLA on the fifth anniversary of the date the member begins collecting benefits under the Plan, but their normal retirement benefits remain at age 62.

Under the proposed settlement, the subclass will release any and all claims known or unknown that any of them may have against the TCU Staff Retirement Plan and the IAM Grand Lodge Plan, their current and former Trustees, any other fiduciaries, the TCU and the IAM Grand Lodge, their subordinate bodies and all of their officers, agents, representatives, heirs, administrators, executors, directors, employees, and attorneys from any and all demands, causes of action whether known or hereafter discovered or whether now or hereafter fully, partially or not disclosed except for the undertaking in this Agreement.

## IV. The Decision To Settle And The Benefits Of Settlement.

The final negotiations leading to this settlement were concluded under the supervision of Magistrate Judge Grimm. The proposed settlement agreement and release have been filed with the Court.

Counsel for the Subclass has extensive expertise and experience in benefit claims litigation under ERISA and complex civil litigation.[2] Based on an analysis of the facts and legal issues in the Action, taking into account litigation risk and delay, the Subclass representative, acting with the advice of counsel, has concluded that the proposed settlement of the Action is fair, adequate and reasonable and is in the best interests of the Subclass. The agreement embodied in the Settlement Agreement and described in this Notice was reached after over a year of difficult and intense, arm's-length negotiations among the parties, with the final negotiations being subject to the supervision of Magistrate Judge Grimm.

In evaluating the settlement, the subclass representative has considered the time that would be necessary to pursue the Action to a conclusion in court through trial and appeal; and the uncertain outcome. The subclass would face significant legal hurdles to prevail in its position that the changes made in the Staff Plan at the time of its merger into IAM Grand Lodge Plan triggered a requirement to pay increased benefits, even though the net effect of these changes was to reduce the value of benefits.

Certainly the circumstances which developed, namely, the stock market meltdown of 2000-2003 and the need for the Plan merger to insure that the promised pensions could in fact be paid, were not anticipated by the parties. It is questionable that the Court would interpret the term "any benefit improvement" in the prior approved settlement to include

---

[2] Kenneth Johnson has represented the subclass throughout this litigation.

benefits that were both improved and reduced in a Plan merger, which was clearly in the interest of all participants, including the subclass members.

Given the uncertainty of a recovery by the subclass members, the total amount of the settlement offered is generous. The present value of the benefit improvements provided under the settlement has been actuarially determined by the IAM Grand Lodge actuary to be 87% of the present value of the benefit improvements sought by the subclass.

**V.     Effective Date Of The Settlement.**

This settlement is contingent upon the following. First, the Court must examine the terms of the settlement and consider any objections to the settlement that may be made by any member of the subclass. Second, if the Court determines that the settlement should be approved, it will enter an order approving the settlement and dismissing this action. If no appeal is filed from the order approving the settlement, the settlement agreement will become fully effective once the time for filing an appeal (usually 30 days) has expired. The IAM Grand Lodge Plan will then promptly make the increases in pensions called for by this settlement and make any retroactive payments required. However, if an appeal is filed, the settlement will remain contingent until all appellate proceedings are concluded. Therefore, if an appeal is taken, it may be several months before the settlement becomes final, assuming the appellate court also approves the settlement.

## VI. Payment Of Attorneys' Fees.

TCU will pay all reasonable attorney fees and costs incurred in the representation of the subclass.[3]

## VII. Election By Subclass Members.

If you are a member of the Subclass, *you do not need to take any action* and your rights will be represented by your Subclass Representative and counsel. If you wish, you may enter a legal appearance individually or through your own counsel at your own expense. As a member of the Subclass, however, you do not have to do anything further to participate in the benefits to Subclass members from this settlement.

Subclass members have no right to exclude themselves from the Subclass.

## VIII. Court Hearing On The Proposed Settlement And Your Rights With Respect To The Settlement.

Any member of the Subclass may, but need not, enter an appearance in the Action either personally or through counsel of his or her choice. Any member of the Subclass who enters an appearance may be responsible for his or her own attorneys' fees and expenses. Any member of the Subclass who does not enter an appearance through counsel in the Action will be represented by counsel for the Subclass.

---

[3] Ken Johnson, counsel for the subclass, was a member of the Washington, DC, law firm of O'Donoghue & O'Donoghue from 1984 to 1988, and 1995 to 1999, when he left to become a member of the Greensboro, North Carolina firm of Tuggle, Duggins & Mescham. As noted above, on September 12, 2005, the TCU Plan merged with the IAM Grand Lodge Plan, which has long been represented by O'Donoghue & O'Donoghue. At that time, Mr. Johnson was not a member of the O'Donoghue firm, and he has no financial stake in this matter other than as counsel to the subclass.

A hearing (the "Hearing") will be held on _____ at _____ (or at any such adjourned time or times that the Court may without further notice direct) in Courtroom 5A of the United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201 to consider, among other things, whether the terms and conditions set forth in the Settlement Agreement and summarized in this Notice should be approved as fair, reasonable, and adequate to the members of the Subclass and whether an order should be entered approving the settlement and granting the equitable relief requested by the Trustees in accordance with the settlement.

The Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Subclass.

If you are a member of the Subclass, you are entitled to object, if you so desire, to the proposed settlement. Objections by members of the Subclass to the settlement will be heard separately at the same Hearing, and any papers submitted in support of the objections will be received and considered by the Court at the Hearing. No person shall be heard, however, unless he or she gives written notice of his or her intention to appear and object (which shall set forth briefly each objection and the basis therefor) and files the notice on or before _____ with the Clerk of the United States District Court for the District of Maryland, United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201, and sends a copy of the written notice and of any papers in support of his or her position by first class mail, postage prepaid; overnight delivery service; or messenger on or before _____ to each of the following attorneys:

Counsel for Plaintiffs:

Jeffrey A. Bartos  
Guerrieri, Edmond, Clayman  
  & Bartos, P.C.  
1625 Massachusetts Avenue, N.W.  
Suite 700  
Washington, DC 20036-2243

John L. Bohman  
O'Donoghue & O'Donoghue, L.L.P.  
4748 Wisconsin Avenue, N.W.  
Washington, DC 20016

Counsel for the Active Subclass:

Kenneth Johnson  
Tuggle, Duggins & Meschan, P.A.  
100 N. Greene Street, Suite 600 (27401)  
P.O. Box 2888  
Greensboro, NC 27402

All written notices of objection must identify clearly any and all witnesses, documents and other evidence of any kind that are to be presented at the Hearing and also must set forth the substance of any testimony to be given by witnesses. Objections and other papers should refer to *Scardelletti v. Santoro*, Civil Action No. JFM-97-3464, and must show proof of service on each of the counsel listed in the preceding paragraph.

Any member of the Subclass who does not make his or her objection or opposition to the matters described in the Notice in the manner provided in this Notice shall be deemed to have waived all objections and opposition to any and all matters to be considered at the Hearing and any and all subsequent hearings on these matters.

IX.  **Examination Of Papers And Questions.**

For a more detailed statement of matters referred to in this Notice, including the details of the settlement, releases and other important matters, Subclass Members are invited

to inspect the Complaint, Settlement Agreement and all other papers filed in the Action in the Office of the Clerk, United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours of each business day.

QUESTIONS SHOULD NOT BE DIRECTED TO THE COURT.

Instead, Subclass members should contact:

> Kenneth Johnson
> Tuggle, Duggins & Meschan, P.A.
> 100 N. Greene Street, Suite 600 (27401)
> P.O. Box 2888
> Greensboro, NC 27402
> (336) 271-5264

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Felicia C. Cannon
Clerk of the Court
United States District Court for the District of Maryland