# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

R. A. SCARDELLETTI, et al.    )
   )
        Plaintiffs,    )
   )
        v.    )     Civil Action No. JFM-97-3464
   )
ANTHONY SANTORO, SR., et al.    )
   )
        Defendants.    )_
   )

## DECLARATION OF LUANN DAVIS

1.    I have been TCU's Controller since 1992.  Prior to September 2005 when the TCU Staff Retirement Plan merged with the IAM Grand Lodge Plan, I was principally responsible for maintaining the accounting records of the Staff Plan.  Since the merger, I have been principally responsible for coordinating accounting issues with the IAM.

2.    On June 6, 2008, TCU employees under my direction mailed the attached Notice to the class members identified on Appendices A-D.

### DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I declare under penalty of perjury that the foregoing is true and correct.  Executed this *9th* day of June, 2008.

_____
LUANN DAVIS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| R.A. SCARDELLETTI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. JFM-97-3464 |
| | ) |
| ANTHONY SANTORO, SR., et al. | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF PENDENCY AND PROPOSED**
**SETTLEMENT OF CLASS ACTION AND**
**SETTLEMENT HEARING**

TO:   ALL PARTICIPANTS IN THE FORMER TRANSPORTATION COMMUNICATIONS
INTERNATIONAL UNION STAFF RETIREMENT PLAN WHO WERE IN ACTIVE
SERVICE ON JANUARY 1, 1999

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS MAY
BE AFFECTED BY THIS CLASS ACTION LITIGATION. THIS NOTICE RELATES
TO A PROPOSED SETTLEMENT OF THIS ACTION AND CONTAINS IMPORTANT
INFORMATION ABOUT YOUR RIGHTS. IF YOU ARE A MEMBER OF THE CLASS,
YOU MAY BE ENTITLED TO RECEIVE AN INCREASE IN PENSION BENEFITS
PURSUANT TO THE PROPOSED SETTLEMENT.

THIS NOTICE IS TO INFORM YOU OF:

1.    THE PROPOSED SETTLEMENT OF CLAIMS INVOLVING AN EARLY
RETIREMENT PENALTY FOR CERTAIN CLASS MEMBERS RETIRING
BETWEEN JANUARY 1, 1999, AND SEPTEMBER 12, 2005; AND CLAIMS
FOR A 10% COLA FIVE YEARS AFTER RETIREMENT.

2.     A HEARING TO BE HELD ON JULY 15, 2008 AT 11:00 a.m. IN COURTROOM 5A OF THE UNITED STATES COURTHOUSE, 101 W. LOMBARD STREET, BALTIMORE, MARYLAND 21201 TO DETERMINE WHETHER THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT, AND WHETHER AN ORDER SHOULD BE ENTERED APPROVING THE SETTLEMENT AND GRANTING THE EQUITABLE RELIEF REQUESTED BY THE PLAINTIFFS IN ACCORDANCE WITH THE SETTLEMENT; AND

3.     YOUR RIGHT, IF YOU ARE A MEMBER OF THE CLASS, TO PRESENT YOUR VIEWS TO THE COURT.

## I.   Description of the Action

The present dispute involves a class action settlement between certain participants in what was previously known as the Transportation Communications Union Staff Retirement Plan (Staff Plan) and the former trustees of that Plan ("The Prior Settlement"). You are receiving this notice because records indicate that you were a party to the Prior Settlement as a member of what was known as the "Active Subclass." The Active Subclass consists of all Staff Plan participants who had not retired or terminated service under the Staff Plan as of January 1, 1999. George Thomas DeBarr, the representative for the Active Subclass, has asserted that the Prior Settlement was breached when the Staff Plan was merged into the International Association of Machinists and Aerospace Workers Pension Plan ("IAM Grand Lodge Plan").

### A.   The Prior Settlement

In the litigation that resulted in the Prior Settlement the Trustees of the Staff Plan sought to eliminate a COLA benefit that had been added to the Staff Plan by former Trustees of that Plan. That COLA benefit increased pension amounts by as much as 10% every three years for retirees and the cost of that COLA benefit threatened the viability of the Staff Plan and the

2

Transportation Communications Union ("TCU").  In 1993, once the TCU realized the cost of

the COLA benefit, they took action to minimize the future effect of the COLA for active

employees but did not feel that they could take any action for retirees who were already

receiving the benefits without also seeking Court approval of such action.  The Trustees of the

Staff Plan therefore brought an action against all Staff Plan participants seeking to void the

amendment that adopted the COLA benefit.  The  Trustees alleged that the amendment was void

because the  former Trustees of the Staff Plan breached their fiduciary duty under the Employee

Retirement Income Security Act of 1974 ("ERISA") when they adopted the COLA benefit.  As

mentioned above, the value of the COLA benefit had already been minimized for the Active

Subclass beginning in 1993.  Further, in order to pay for this "triennial" COLA benefit, the TCU

took certain other action with regard to the Active Subclass that adversely affected their benefits

such as increasing normal retirement age from age 60 to age 62 and decreasing benefit accruals

from 2% of compensation to 1% of compensation.[1]  The TCU Executive Council felt that they

were forced to make these prospective benefit reductions for the sake of the solvency of the Plan.

But, through a formal resolution,  the TCU Executive Council also promised that if the COLA

benefit was eliminated in litigation they would retroactively restore to the Active Subclass  2%

benefit accruals,  age 60 normal retirement and a one time 10% COLA at the fifth anniversary of

retirement.  Based on this promise, the Active Subclass supported the Staff Plan Trustees in the

litigation seeking to eliminate the "triennial" COLA benefit.

---

[1] There was never any dispute that these prospective actions taken with regard to the Active Subclass with
respect to the COLA, reduction in future benefit accruals and increase in normal retirement age were in
accordance with the law.

3

The parties then engaged in mediated settlement negotiations assisted by Magistrate Judge Paul Grimm. The retiree subclass which stood to benefit if the triennial COLA remained in place was represented by one attorney and class representative while the Active Subclass was represented by Mr. DeBarr and Kenneth Johnson as counsel.

The result of the mediation was the Prior Settlement. That settlement was a compromise. The COLA benefit for the retiree subclass was reduced but not entirely eliminated and the Active Subclass received retroactive restoration of 2% benefit accruals but did not immediately receive age 60 normal retirement or the one time 10% COLA at the 5th year of retirement. What the Active Subclass did receive, however, was the Trustees promise that it would obtain a written commitment that the TCU Executive Council would "refrain from any benefit improvements under the Plan (except those required by law)" until a) age 60 normal retirement was restored (and restored retroactively for any Active Subclass member who had already retired), and b) a 10% COLA at the 5th anniversary of retirement was also restored. The TCU Executive Council provided this commitment in a Resolution that was acknowledged to be a contract with the Active Subclass. It was hoped that the funding status of the Staff Plan would improve to allow for these benefit improvements. Indeed, as part of the Prior Settlement, the Active Subclass received TCU's written commitment in the Resolution that it would contribute 17.5% of payroll to the Plan for six consecutive years. But, members of the Active Subclass were also concerned that after they retired any future benefit improvements might only go to actively employed TCU participants. Therefore a provision was added to the Prior Settlement to prevent any future benefit increases until age 60 normal retirement and the 10% COLA at the 5th anniversary of

4

retirement were restored for all members of the Active Subclass – retirees and active employees alike.

The Prior Settlement was confirmed by the United States District Court for the District of Maryland and by the United States Court of Appeals for the Fourth Circuit.

      B.     The Current Dispute

After the Prior Settlement the funded status of the Staff Plan became a great concern to the TCU and the Staff Plan Trustees. In August 2005 TCU merged with the International Association of Machinists and Aerospace Workers (IAM). As a result of the merger between these two labor organizations, the TCU Staff Plan merged into the IAM Grand Lodge Plan, effective September 12, 2005 (Plan Merger Date).

The Plan merger resolved any funding problem for the Staff Plan since the IAM Grand Lodge Plan was funded at over 100% of accrued benefits both before and after the merger.

After the merger of the plans, TCU employees began accruing benefits under the terms of the IAM Grand Lodge Plan. Benefits were both increased and reduced from what they had been under the TCU Staff Plan. Benefits were increased for those in active status at the time of the merger because normal retirement age was reduced from age 62 to age 60. In addition, for these participants, the actuarial reduction for early commencement from normal retirement was favorably reduced from .5% per month (or 6% per year) to .4% per month (4.8% per year) and a generally more favorable definition of how compensation was determined was added. Benefits were decreased for these participants because the cap on the number of years a participant could accrue service credits was reduced from 35 to 25 years. The Staff Plan's actuary concluded that when considering these changes together, the present value of the Staff Plan's benefit obligations

5

decreased. Simply stated, the Staff Plan's actuary determined that the net result of these changes was a reduction in the actuarially determined value of the benefits.

Mr. DeBarr, on behalf of the Active Subclass, asserted that the merger of the two Plans breached the Prior Settlement. Mr. DeBarr took issue with some of the assumptions used by the Staff Plan's actuary but more importantly argued that the actuarial value of benefit changes was irrelevant since the Prior Settlement barred "any benefit improvements" for any participant prior to restoration of age 60 normal retirement, and the restoration of the one-time 10% COLA benefit in the 5th year of retirement for *all* members of the Active Subclass. Mr. DeBarr asserted that the Prior Settlement did not provide, nor was it intended, that benefit improvements could be "offset" by benefit reductions in the way asserted by the TCU. Mr. DeBarr therefore demanded that the pensions for Active Subclass members who retired prior to age 62 be recalculated, retroactively to their date of retirement, using age 60 as normal retirement age. In addition, Mr. DeBarr sought a 10% COLA five years after the date of retirement for all members of the Active Subclass including those who remained actively employed.

The TCU and IAM Grand Lodge Trustees have argued that neither the TCU Staff Plan nor the IAM Grand Lodge Plan into which the Staff Plan was merged are responsible for these benefit improvements because, actuarially, the value of the benefits was not increased, but reduced as a result of the Plan merger.

## II.    The Proposed Settlement

After spending approximately a year-and-a-half exchanging settlement proposals, actuarial and demographic information, the parties requested the Court to appoint Magistrate Judge Grimm to mediate this dispute. Once again with Judge Grimm's assistance, the parties

6

reached the following settlement:

1.  Members of the Active Subclass who retired prior to the Plan Merger Date without an early retirement penalty shall receive a COLA equal to 10% of the member's monthly annuity on the fifth anniversary of the member's retirement ("Annuity Starting Date") (Exhibit A to this Notice contains the names and Annuity Starting Date of the members of this group);

2.  Members of the Active Subclass who retired prior to the Plan Merger Date with an early retirement penalty shall (i) have their monthly annuity recalculated effective January 1, 2008, using age 60 as the normal retirement age; and (ii) receive a COLA equal to 7.5% of their monthly annuity as recalculated starting the later of January 1, 2008, or the fifth anniversary of the member's Annuity Starting Date (Exhibit B contains the names and Annuity Starting Date of the members of this group);

3.  Members of the Active Subclass in active status on the Plan Merger Date shall receive a cost of living adjustment equal to 10% of the member's monthly annuity on the fifth anniversary of the member's retirement(Exhibit C contains the names of the members of this group); and

4.  Members of the Active Subclass who terminated their employment relationship with TCU prior to the Plan Merger Date, at a time when they were vested in the TCU Staff Plan, who did not retire prior to the Plan Merger Date, shall receive a 10% COLA on the fifth anniversary of the date the member begins collecting benefits under the Plan, but their normal retirement benefits remain at age 62. (Exhibit D contains the names of the members of this group).

Under the proposed settlement, the Active Subclass will release any and all claims concerning the Prior Settlement that any of them may have against the Staff Plan and the IAM Grand Lodge Plan, their current and former Trustees, any other fiduciaries, the TCU and the IAM Grand Lodge, their subordinate bodies and all of their officers, agents, representatives, heirs, administrators, executors, directors, employees, and attorneys whether known, unknown or hereafter discovered or whether now or hereafter fully, partially or not disclosed except for the promises contained in the Settlement Agreement.

### III.    The Decision To Settle And The Benefits Of Settlement

The final negotiations leading to this settlement were concluded under the supervision of Magistrate Judge Grimm. The proposed settlement agreement and release have been filed with the Court.

Counsel for the Active Subclass has extensive expertise and experience in benefit claims litigation under ERISA, and complex civil litigation.[2] Based on an analysis of the facts and legal issues in the Action, taking into account litigation risk and delay, Mr. DeBarr, acting as the Subclass representative and with the advice of counsel, has concluded that the proposed settlement of the Action is fair, adequate and reasonable and is in the best interests of the Active Subclass. The agreement embodied in the Settlement Agreement and described in this Notice was reached after over a year of difficult and intense, arm's-length negotiations among the parties, with the final negotiations being subject to the supervision of Magistrate Judge Grimm.

In evaluating the settlement, the Active Subclass representative has considered the time that would be necessary to pursue the Action to a conclusion in court through trial and appeal; and the uncertain outcome. The Active Subclass would face legal hurdles to prevail in its position that the changes made in the Staff Plan at the time of its merger into IAM Grand Lodge Plan triggered a requirement to pay increased benefits, even though the net effect of these changes allegedly reduced the value of benefits. In addition there would be procedural hurdles in that the IAM Grand Lodge Plan and the parties who are capable of amending that Plan, the IAM Grand Plan Trustees and the IAM Grand Lodge itself, were not named parties to the Prior Settlement.

---

[2] Kenneth Johnson has represented the Active Subclass throughout this litigation.

Given the uncertainty of a recovery by the Active Subclass members, the total amount of the settlement offered is fair and adequate. The present value of the benefit improvements provided under the settlement has been actuarially determined by the IAM Grand Lodge actuary to be 87% of the present value of the benefit improvements sought by the Active Subclass.

## IV.    Effective Date Of The Settlement

This settlement is contingent upon the following. First, the Court must examine the terms of the settlement and consider any objections to the settlement that may be made by any member of the Active Subclass. Second, if the Court determines that the settlement should be approved, it will enter an order approving the settlement and dismissing this action. If no appeal is filed from the order approving the settlement, the settlement agreement will become fully effective once the time for filing an appeal (usually 30 days) has expired. The IAM Grand Lodge Plan will then promptly make the increases in pensions called for by this settlement and make any retroactive payments required. However, if an appeal is filed, the settlement will remain contingent until all appellate proceedings are concluded. Therefore, if an appeal is taken, it may be several months or more before the settlement becomes final, assuming the appellate court also approves the settlement.

## V.    Payment Of Attorneys' Fees

TCU will pay all reasonable attorney fees and costs incurred in the representation of the Active Subclass.[3]

---

[3] Kenneth Johnson, counsel for the Active Subclass, was a member of the Washington, DC, law firm of O'Donoghue & O'Donoghue from 1984 to 1988, and 1995 to 1999, when he left to become a member of the Greensboro, North Carolina firm of Tuggle, Duggins & Meschan. As noted above, on September 12, 2005, the TCU Plan merged with the IAM Grand Lodge Plan, which has long been represented by O'Donoghue & O'Donoghue. At that time, Mr. Johnson was not a member of the O'Donoghue firm, and

## VI.    Election By Active Subclass Members

If you are a member of the Active Subclass, *you do not need to take any action* and your

rights will be represented by your Subclass Representative and counsel. If you wish, you may

enter a legal appearance individually or through your own counsel at your own expense. As a member

of the Active Subclass, however, you do not have to do anything further to participate in the benefits

to Active Subclass members from this settlement.

Active Subclass members have no right to exclude themselves from the Subclass.

## VII.    Court Hearing On The Proposed Settlement And Your Rights With Respect To The Settlement

Any member of the Active Subclass may, but need not, enter an appearance in this action

either personally or through counsel of his or her choice. Any member of the Active Subclass

who enters an appearance may be responsible for his or her own attorneys' fees and expenses.

Any member of the Active Subclass who does not enter an appearance through counsel in this

action will be represented by counsel for the Active Subclass.

A hearing (the "Hearing") will be held on July 15, 2008 at 11:00 a.m. (or at any such

adjourned time or times that the Court may without further notice direct) in Courtroom 5A of the

United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201 to consider,

among other things, whether the terms and conditions set forth in the Settlement Agreement and

summarized in this Notice should be approved as fair, reasonable, and adequate to the members

of the Active Subclass and whether an order should be entered approving the settlement and

granting the equitable relief requested by the Trustees in accordance with the settlement.

---

he has no financial stake in this matter other than as counsel to the Active Subclass.

The Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the members of the Active Subclass.

If you are a member of the Active Subclass, you are entitled to object, if you so desire, to the proposed settlement. Objections by members of the Active Subclass to the settlement will be heard separately at the same Hearing, and any papers submitted in support of the objections will be received and considered by the Court at the Hearing. No person shall be heard, however, unless he or she gives written notice of his or her intention to appear and object (which shall set forth briefly each objection and the basis therefor) and files the notice on or before July 11, 2008 with the Clerk of the United States District Court for the District of Maryland, United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201, and sends a copy of the written notice and of any papers in support of his or her position by first class mail, postage prepaid; overnight delivery service; or messenger on or before July 11, 2008 to each of the following attorneys:

Counsel for Plaintiffs:

Jeffrey A. Bartos
Guerrieri, Edmond, Clayman & Bartos
1625 Massachusetts Avenue, N.W. Suite 700
Washington, DC 20036-2243

John L. Bohman
O'Donoghue & O'Donoghue, L.L.P.
4748 Wisconsin Avenue, N.W.
Washington, DC 20016

Counsel for the Active Subclass:

Kenneth Johnson
Tuggle, Duggins & Meschan, P.A.
100 N. Greene Street, Suite 600 (27401) P.O. Box 2888
Greensboro, NC 27402

All written notices of objection must identify clearly any and all witnesses, documents

11

and other evidence of any kind that are to be presented at the Hearing and also must set forth the substance of any testimony to be given by witnesses. Objections and other papers should refer to *Scardelletti v. Santoro,* Civil Action No. JFM-97-3464, and must show proof of service on each of the counsel listed in the preceding paragraph.

Any member of the Active Subclass who does not make his or her objection or opposition to the matters described in the Notice in the manner provided in this Notice shall be deemed to have waived all objections and opposition to any and all matters to be considered at the Hearing and any and all subsequent hearings on these matters.

## VIII.  Examination Of Papers And Questions

For a more detailed statement of matters referred to in this Notice, including the details of the settlement, releases and other important matters, Active Subclass Members are invited to inspect the Settlement Agreement and all other papers filed in the Action in the Office of the Clerk, United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours of each business day.

QUESTIONS SHOULD NOT BE DIRECTED TO THE COURT.

Instead, Active Subclass members should contact:

Kenneth. Johnson
Tuggle, Duggins Meschan, P.A.
100 N. Greene Street, Suite 600 (27401) P.O. Box 2888
Greensboro, NC 27402
(336) 271-5264


Dated: June 6, 2008

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT
 OF MARYLAND

Felicia C. Cannon

Clerk of the Court
United States District Court for the District
of Maryland

**EXHIBIT A**
**TO CLASS NOTICE**



EXHIBIT

A

**SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH NO AGE REDUCTION: 10% COLA ON FIFTH ANNIVERSARY OF ANNUITY STARTING DATE**

| ANNUITY STARTING DATE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 1/1/04 | BOSHER | LESLIE | E |
| 1/1/01 | BRADARICH | PETE | F |
| 1/1/02 | BRITTON | J | |
| 9/1/99 | CAMPBELL | JOHN | C |
| 9/1/99 | CONTRERAS | NICK | |
| 11/1/01 | COOK | OLVIER | W |
| 1/1/02 | CUNNIFF | MICHAEL | M |
| 5/1/05 | DAVIS | MICHAEL | |
| 1/1/00 | GOBEL | J | L |
| 9/1/04 | GRAY | GERALD | |
| 1/1/05 | GRILLO | STELLA | |
| 3/1/99 | HAYNES-FINCH | CAROL | L |
| 1/1/04 | PATTEN | JUDITH | C |
| 6/1/05* | ROWE | GEORGE | A |
| 6/1/02 | SHIELDS | LARRY | B |
| 1/1/00 | STEPP | JUDITH | |
| 8/1/99 | WOODARD | VANETTA | F |
| 2/1/02 | BRISCOE | CHERYL | T |
| 1/1/02 | CUMBERLAND | TERRY | L |
| 8/18/03 | DEVER | ROY | |
| 12/16/03 | DONLON | GREGORY | A |
| 4/1/99 | FUHR | PATTI | A |
| 2/1/02 | GERRAIN | FREDERICK | |
| 7/15/04 | LEWIN | HENRY | B |
| 3/1/02 | LYNCH | GERARD | L |
| 1/1/02 | MATKOWSKI | RAYMOND | |
| 3/9/00 | MARTINDALE | ESTELLE | E |
| 9/9/00 | NEWBERRY | SANDRA | L |
| 8/14/04 | PEMBROKE | SUE | C |
| 1/1/02 | PHILLIPS | CLAIRE | |
| 9/1/02 | TEITRICK | KATHY | J |
| 1/15/00 | WADE | KATHRYN | P |
| 1/1/02 | WEBB | BESSIE | M |
| 5/1/03 | YOUNG | TRACEY | H |

**SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE WITH NO AGE REDUCTION**    **34**

* PRIOR TO PLAN MERGER DATE

**EXHIBIT B**
**TO CLASS NOTICE**



EXHIBIT

**B**

SUB-CLASS-MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO PLAN
MERGER DATE WITH AGE REDUCTION: RESTORE MONTHLY BENEFIT TO
NORMAL RETIREMENT AGE 60 ON JAN 1, 2008 AND RECEIVE 7.5%
COLA ON FIFTH ANNIVERSAY OF ANNUITY STARTING DATE OR
ON JANUARY 1, 2008, WHICHEVER IS LATER.

| ANNUITY STARTING DATE | | LAST NAME | FIRST NAME | MI |
|---|---|---|---|---|
| 4/1/04 | | BROCKETT | CARL | H |
| 9/1/05* | | BROWNING | W | K |
| 8/1/04 | | CARTER | KENNETH | L |
| 3/1/02 | | COLE | ZANE | K |
| 7/1/00 | | COTA | RICHARD | |
| 9/16/99 | | CURRY | DIANE | |
| 1/1/03 | | D ALESSANDRO | A | A |
| 8/1/03 | | DE BARR | GEORGE | T |
| 6/1/00 | | DIXON | VIRGINIA | P |
| 5/1/02 | | DOBERSTEIN | E | L |
| 7/1/03 | | DOLAN | DONALD | D |
| 4/1/03 | | FAUSS | MICHAEL | R |
| 1/1/04 | | FORD JR | ALVIN | C |
| 12/1/04 | | FORREST | RICHARD | J |
| 4/1/05 | | GARRETT | SUSAN | H |
| 4/1/03 | | GOFFREDO | VICTOR | P |
| 8/1/05 | | GONZALEZ | HUMBERTO | M |
| 6/1/04 | | GORNICK | CAROLYN | D |
| 8/1/02 | | GRAY | BONNIE | Y |
| 9/1/02 | | JEFFORDS | W | L |
| 7/1/04 | | JONES | LAWRENCE | D |
| 9/1/04 | | KACHMAN | SHARON | |
| 6/1/04 | | KARL | JOANNE | |
| 5/1/05 | | LOFTIN | GILBERT | |
| 9/1/05 | | LUCAS | TERRY | |
| 10/9/99 | | MALDONADO | GEORGE | R |
| 7/1/03 | | MUNZEN | DIANNE | |
| 7/1/05 | | NORTON | BARBARA | A |
| 7/17/99 | | PIGNONE | GRETA | D |
| 12/1/03 | | SANTORO JR | ANTHONY | P |
| 4/1/01 | | SCROGGINS | MARVIN | L |
| 3/1/03 | | SIZEMORE | BILL | B |
| 10/9/99 | | SPANGLER | SHARON | C |
| 9/1/03 | | STEEVES | STANLEY | R |
| 4/1/04 | | STROMSTA | ERIC | R |
| 1/1/05 | | SUTTON | LAWRENCE | A |
| 3/16/99 | | VAN-HOOK | CARL | T |
| 8/27/99 | | KNOLES** | RICHARD | L |

SUB-CLASS MEMBERS BEGINNING MONTHLY BENEFIT PRIOR TO

PLAN MERGER DATE WITH AGE REDUCTION          **38**

\* PRIOR TO PLAN MERGER DATE

\*\* KNOLES DIED AT AGE 59 IN ACTIVE SERVICE PRIOR TO PLAN MERGER DATE,
   BENEFICIARIES TO RECEIVE 12% AGE INCREASE AND 7.5% COLA ON JAN 1, 2008

**EXHIBIT C
TO CLASS NOTICE**



EXHIBIT

C

SUB-CLASS MEMBERS* ACTIVELY EMPLOYED
ON PLAN MERGER DATE: 10% COLA ON FIFTH
ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| ABDULLAH | RASHEED | M |
| AHEARN | DEBRA | |
| AHEARN | PETER | A |
| ANDERSON | KAREN | K |
| ARNDT | RICHARD | A |
| BAUMAN | LEONARD | C |
| BEELER | DONALD | E |
| BERLOWITZ | S | A |
| BERNARD | MARY | L |
| BIGGS | DANIEL | L |
| BLAKLEY | KRIS | K |
| BOSHER-PERRAN | JHIL | |
| BOWER | RANDY | D |
| BRANDO | STEPHAN | |
| BURNETT | DARYL | T |
| CALAVELETINOS | ANA CECILIA | |
| CAMPBELL | GARY | |
| CHAPMAN | MARY | D |
| COLSTON | TOMMIE | |
| CONBOY | ELLEN | M |
| CONDO | JOSEPH | P |
| CONLEY | CYNTHIA | A |
| CONROY | ROBERT | A |
| CRAWFORD | DIANA | L |
| DAVIS | JESSICA | M |
| DAVIS | ROBERT | F |
| DERDERIAN, JR | OSCAR | |
| DETTMANN | DIANE | J |
| DINSDALE | JOHN | O |
| DUNTON | SUSAN | B |
| EVANS | HELEN | |
| FINAN JR | WILLIAM | T |
| FISHBURN | PAUL | E |
| GILBERT | CHARLES | L |
| GILBERTSON | KELLY | J |
| GREENIDGE | ARLENE | C |
| GRILLO | PATRICIA | A |
| HORRELL | DEBRA | J |
| HUSTER | THOMAS | J |
| HYLLA | RONALD | J |
| JOHNSON | DENISE | B |

ACTIVE ON MERGER DATE

1

SUB-CLASS MEMBERS* ACTIVELY EMPLOYED
ON PLAN MERGER DATE: 10% COLA ON FIFTH
ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| JOHNSON | RICHARD | A |
| JONES | SANDRA | C |
| KEENAN | SANDRA | |
| KELSEY | PAULA | M |
| KENNEDY | LINDA | |
| KLOOS | RONALD | M |
| KOLLEWE | DAVID | B |
| KRAUS | MITCHELL | |
| KUBASIEWICZ | DARWIN | B |
| LINDSAY | JOSEPH | M |
| LOCKEY | LINDA | J |
| LYDON | HELEN | D |
| MAI | ROBBIE | L |
| MAI | RODNEY | W |
| MAXIM | SANDRA | J |
| MAY | SANDRA | L |
| METHER | STEVEN | W |
| MILLER | W | R |
| MONIER | FRANCES | D |
| MULLENS | NORMA | J |
| MYERS | DORIS | |
| NAPIER | MARVIN | W |
| NOVAKOVIC | ALEXANDER | M |
| O'MALLEY | DENNIS | J |
| OATHOUT | RUSSELL | C |
| PADILLA | ANTHONY | G |
| PARKER | JOEL | M |
| PONIGAR, SR | JAMES | A |
| POSEY | NANCY | L |
| QUILTY | JAMES | L |
| RABENORT | RONALD | L |
| RANDOLPH JR | HOWARD | W |
| REESE | MICHELE | L |
| RICE | ALLYSON | M |
| ROBINSON | BRENDA | |
| RUBECK | JOHN | I |
| SARMIENTO | ERIKA | |
| SCARDELLETTI | ROBERT | A |
| SCHAFER JR | R | K |
| SHELLEY | MARGIE | H |
| SHORT | CHRISTINE | T |

ACTIVE ON MERGER DATE

2

SUB-CLASS MEMBERS* ACTIVELY EMPLOYED
ON PLAN MERGER DATE: 10% COLA ON FIFTH
ANNIVERSAY OF ANNUITY STARTING DATE

| LAST NAME | FIRST NAME | MI |
|---|---|---|
| SIRIANO | S | |
| SMITH | TERESA | A |
| STAFFORD | TED | P |
| STEELE | DAVID | L |
| STEWART | CHARLES | N |
| STEYER | MARIANNE | G |
| STRAIN JR | ALTON | C |
| SWANSON | LARRY | D |
| DAVIS (TAYLOR) | LUANN | |
| TURLEY | ELIZABETH | A |
| VAN CLEAVE | JO | L |
| WALLER | JAMES | V |
| WALLER | LINDA | C |
| WATSON | STEPHEN | F |
| WELLS | TERESA | M |
| WHITACRE | BRIAN | P |
| WRIGHT | J | H |
| WRIGHTSON | BARBARA | J |
| STARKS (ZINGA) | DOROTHY | |

SUB-CLASS MEMBERS ACTIVELY EMPLOYED ON

PLAN MERGER DATE                    | 101 |

*Included in this listing are the TCU employees who were excluded from the
original Sub Class because they were Trustees of the TCU Staff Plan or
the TCU legal counsel

ACTIVE ON MERGER DATE

3

**EXHIBIT D**
**TO CLASS NOTICE**



EXHIBIT D

**SUB-CLASS MEMBERS TERMINATED VESTED PRIOR TO PLAN MERGER DATE AND DID NOT BEGIN MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE: 10% COLA ON FIFTH ANNIVERSARY OF ANNUITY STARTING DATE**

| LAST YR. ACTIVE SERVICE | LAST NAME | FIRST NAME | MI |
|---|---|---|---|
| 2000 | BOSHER | PAMELA | L |
| 2004 | D'AMICO | ANNA | |
| 2001 | DENT | MEGAN | J |
| 2002 | EVANS | NANCY | A |
| 1999 | GILDERMAN | K | D |
| 2004 | HODGINS | M. PATRICIA | |
| 2004 | HORVATH | DAWN | M |
| 2000 | HURLEY | LAMESHA | A |
| 2002 | JOHNSON | ANGELA | J |
| 2005* | NGUYEN | Q | T |
| 2004 | TULLY | CHRISTOPHER | J |
| 2002 | MC CALLA | KATHYRN | E |
| 2000 | FINN | THOMAS | J |
| 1999 | PARRY | JAMES | J |
| 2001 | TRITTEL | PHILLIP | T |
| 1999** | BUJOLD | DONALD | J |
| 1999** | DANIHER | HERBERT | |
| 1999** | DEVEAU | DENNIS | J |
| 1999** | DUNSTER | DENNIS | |
| 1999** | LA PORTE | FRANCINE | |
| 1999** | PAGE | RICHARD | |
| 1999** | PREBINSKI | MAUREEN | |

**SUB-CLASS MEMBERS TERMINATED VESTED AND DID NOT BEGIN MONTHLY BENEFIT PRIOR TO PLAN MERGER DATE**    **22**

\* LAST SERVICE DATE PRIOR TO PLAN MERGER DATE

\*\* CANADIAN PLAN PARTICIPANT (not part of original Subclass, but actively employed on January 1, 1999)